IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN S. FOREMAN, III and ANDRE C. LEBLANC, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:21-cv-13-S-BN |
| DENNIS ROGERS and BOOTSTRAP VENTURES, LLC, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs John S. Foreman, III and Andre C. Leblanc, citizens of Louisiana, bring this suit alleging breach of contract against Defendants Dennis Rogers, a citizen of Texas, and Bootstrap Ventures, LLC, a Texas limited liability company. *See* Dkt. Nos. 1, 8. Defendants, through counsel, answered the amended complaint and amended the answer. *See* Dkt. Nos. 9, 13. Their counsel then moved to withdraw. *See* Dkt. Nos. 15, 16.

In granting the motion to withdraw, United States District Judge Karen Gren Scholer directed Bootstrap "to retain counsel no later than August 15, 2021, lest the Court may strike [its] responsive pleading and direct the entry of a default judgment against it." Dkt. No. 18 (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing, in turn, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear

in federal court otherwise than by licensed counsel")); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that an LLC may only appear in federal court through a licensed attorney)); *see also Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))).

Bootstrap has so far failed to heed the Court's directive. And Judge Scholer has now referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 19.

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary." *Memon*, 385 F.3d at 873. When a corporation or limited liability company declines or fails to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel).

Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the

court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendant Bootstrap Ventures, LLC cannot continue to proceed unrepresented by counsel in this case. The undersigned has considered the imposition of alternate sanctions short of striking its defenses and entering a default. But, considering all the circumstances, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

If, however, during the 14-day period to file objections to these findings, conclusions, and recommendation, Bootstrap retains counsel who makes an appearance in this action, the undersigned will withdraw the recommendations set out below.

### Recommendation

The Court should (1) order that Defendants Dennis Rogers and Bootstrap Ventures, LLC's First Amended Answer [Dkt. No. 13] be stricken as to Defendant Bootstrap Ventures, LLC only; (2) order that Defendant Bootstrap Ventures, LLC is in default; (3) direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant Bootstrap Ventures, LLC; and (4) order that

Plaintiffs John S. Foreman, III and Andre C. Leblanc move, by no later than a date 30 days from the date of entry of any order accepting or adopting this recommendation, for default judgment against Defendant Bootstrap Ventures, LLC for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE