IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN S. FOREMAN, III and ANDRE C. LEBLANC, § § § | |
| Plaintiffs, § § | |
| V. § | No. 3:21-cv-13-S-BN |
| § | |
| DENNIS ROGERS and BOOTSTRAP VENTURES, LLC, § § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiffs John S. Foreman, III and Andrea C. Leblanc have filed a Motion for Discovery Sanctions against Defendant Dennis Rogers, *see* Dkt. No. 27, in which "Plaintiffs seek discovery sanctions against Rogers – namely, for the Court to strike Rogers's Answer and Affirmative Defenses (Doc. 9) – for failure to comply with Rogers's discovery obligations and this Court's related orders," *id*. at 1.

**Applicable Background**

Plaintiffs filed a Motion to Compel Responses to Interrogatories and Requests for Production of Documents from Defendant Dennis Rogers. *See* Dkt. No. 22. The Court granted that motion as follows:

> ELECTRONIC ORDER granting [22] Plaintiffs' Motion to Compel Responses to Interrogatories and Requests for Production of Documents from Defendant Dennis Rogers.
> Plaintiffs' motion persuasively explains – and the Court's own review of the requests and objections and responses confirms – that the information and documents that they seek from Rogers through Request for Production Nos. 1-4 and Interrogatory Nos. 1-9 are narrowly tailored

> and limited in time and scope and seek matters relevant to the claims asserted against Rogers in this litigation and proportional to the needs of the case.
>
> And Rogers has not responded to the motion or defended or supported any of his objections to each request and so has waived any objections by failing to press them in response to the motion. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 583 (N.D. Tex. 2018).
>
> As to any valid confidentiality concerns (if any), the parties can negotiation an agreed protective order, which would "provide sufficient protections for [a party's] concerns regarding its confidential and proprietary" information. *TNA Australia Pty Ltd. v. PPM Techs., LLC*, No. 3:17-CV-642-M, 2018 WL 2010277, at *15 (N.D. Tex. Apr. 30, 2018).
>
> The Court ORDERS Defendant Dennis Rogers to, by January 24, 2022, serve on Plaintiffs John S. Foreman, III and Andre C. Leblanc's counsel complete answers – without objections – to the Interrogatory Nos. 1-9 and serve on Plaintiffs John S. Foreman, III and Andre C. Leblanc's counsel complete responses (without objections) to – and produce all unproduced documents responsive to – Request for Production Nos. 1-4.
>
> Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movants reasonable expenses incurred in making the motion, including attorneys fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing partys nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." By January 28, 2022, Defendant Dennis Rogers must also file a response explaining why the Court should not enter an order requiring him to pay Plaintiffs John S. Foreman, III and Andre C. Leblanc, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that Plaintiffs John S. Foreman, III and Andre C. Leblanc incurred in having their attorneys draft and file the motion to compel [Dkt. No. 22]. If Rogers files this response, Plaintiffs John S. Foreman, III and Andre C. Leblanc may file a reply in support of an award of expenses under Rule 37(a)(5)(A) by February 11, 2022.
>
> (Ordered by Magistrate Judge David L. Horan on 12/23/2021.) (Entered: 12/23/2021)

Dkt. No. 25 (cleaned up).

Plaintiffs explain, in support of their Motion for Discovery Sanctions, that "[t]he Court permitted Rogers's counsel, Brett Chisum, Esq., to withdraw from this case on July 27, 2021"; that "Rogers is not currently represented by counsel in this matter"; that, "[o]n October 5, 2021, Plaintiffs filed their Motion to Compel discovery responses from Defendant Rogers (Doc. 22)"; that "Rogers never responded to Plaintiffs' Motion to Compel and, as of this date, never produced the information and documents therein sought"; that, "[o]n December 23, 2021, United States Magistrate Judge Horan granted Plaintiffs' Motion to Compel (Doc. 25) and ordered Rogers to provide the outstanding discovery by January 24, 2022"; and that "Plaintiffs ask the Court to sanction Rogers for its discovery abuses by striking Roger's Answer and Affirmative Defenses (Doc. 9)." Dkt. No. 28 at 1-2.

## Legal Standards

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).

Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). "A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-cv-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (in turn quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees would be unjust or that the opposing party's position was substantially justified." *Id.* at *3 (footnote omitted).

The undersigned has authority to enter a nondispositive order granting attorneys' fees or other nondispositive sanctions under Federal Rule of Civil Procedure 37(b) or denying a request for what might be considered a dispositive sanction. *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37); *Siegel v. Compass Bank*, No. 3:18-cv-1023-X, 2021 WL 4498914, at *1 (N.D. Tex. Jan. 11, 2021) ("To determine whether a referred motion

for sanctions is dispositive or non-dispositive, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies. To allow otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review." (cleaned up)); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

Rule 37(b)(2) "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, FED. R. CIV. P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (internal quotation marks omitted); *see also Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions.").

"The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (internal quotation marks omitted). "This discretion, however, is limited" based on the type of sanctions imposed. *Id.* The United States Court of Appeals for the Fifth Circuit has more recently explained that

> our caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called "death penalty" sanctions). For a lesser sanction, we broadly require the district court to determine the sanctions are "just" and "related to the particular 'claim' which was at issue in the order to provide discovery."

*Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (cleaned up). The sanction imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *See Smith*, 685 F.3d at 488-90. And the Fifth Circuit very recently repeated its guidance that,

> to levy a litigation-ending sanction for a discovery violation, the court must make four findings. First, the violation reflects bad faith or willfulness. Second, "the client," not counsel, "is responsible for the violation." Third, the violation "substantially prejudiced the opposing party." Fourth, "a lesser sanction would not substantially achieve the desired deterrent effect."

*Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 454 (5th Cir. 2022) (cleaned up); *accord Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from wilfullness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction." (footnote omitted)); *Batson v.*

*Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("[D]ismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply.").

But "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. "Of course, the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," but "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23. Even where a party was "unable to comply with the discovery requests, the district court still ha[s] broad discretion to mete out a lesser sanction than dismissal." *Id.* (emphasis omitted). That is because "the type of conduct displayed by a party had no bearing on whether sanctions should be imposed, but only on the type of sanctions imposed," and "[t]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply." *Id.* (internal quotation marks and emphasis omitted).

Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). And courts have found sanctions excluding evidence or claims of damages appropriate where, for example, a party instructs its witness to violate a court order.

*See Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 780 (5th Cir. 2009).

## Analysis

Plaintiffs argue that the Court should strike Rogers's answer and affirmative defenses as a Rule 37(b) sanction for failing to comply with the Court's order granting the motion to compel

> because Rogers refuses to meet his discovery obligations to produce requested information and documents necessary for Plaintiffs to develop and prove their fraud claim against Rogers as set forth in Plaintiffs Motion to Compel (Doc. 22). The Motion to Compel has been granted by Magistrate Judge Horan, ordering Rogers to respond to the outstanding discovery by January 24, 2022 (Doc. 25), yet still no requested information or documents have been forthcoming from Rogers. Indeed, Rogers has been silent regarding responding to Plaintiffs' discovery requests and Motion to Compel since September 9, 2021 when Rogers agreed to provide the outstanding discovery within two weeks during a telephone conference with undersigned counsel. The discovery requests themselves were served [on] June 21, 2021.
>     The Court should strike Rogers's Answer and Affirmative Defenses (Doc. 9) as an appropriate discovery sanction for Rogers's recalcitrance in discovery and for failing to abide by the Court's discovery orders. Fed. R. Civ. P. 37(b)(2), (c)(1)(C). Plaintiffs are hobbled in their effort to prepare their case for trial, particularly with respect to their fraud claim. Striking Rogers's pleading is in direct relationship with Plaintiffs' hindrance in being able to prepare for trial and, in particular, to develop and prove their fraud claim. If Plaintiffs are unable to support their fraud claim in some reasonable manner, their claims will fail and Plaintiffs will be substantially prejudiced.
>     Further, Rogers's unwillingness to participate in discovery and provide Plaintiffs the requested records is willful. *Nat'l Hockey League*, 427 U.S. at 643. Rogers has actual knowledge that his discovery responses are long overdue as undersigned counsel personally emailed Rogers on October 5, 2021 with copies of Plaintiffs' Motion to Compel. (See Exhibit A.).

Dkt. No. 28 at 2-3.

The Court should grant the requested sanction even insofar as it would effectively amount to a litigation-ending sanction for a discovery violation – where, once his answer is stricken, Rogers will be subject to a default and potentially a default judgment.

As Plaintiffs persuasively assert, Rogers's continued failure to comply with his discovery obligations as ordered by the Court reflects willfulness, and, proceeding *pro se*, Rogers, not any counsel, is responsible for the violation. Plaintiffs also convincingly explain how Rogers's violation substantially prejudiced them opposing party. Finally, with Rogers's total failure to engage in discovery or respond to the Court's order, a lesser sanction would not substantially achieve the desired deterrent effect under the circumstances here. *See* Dkt. No. 25; Dkt. No. 27 ("Defendant Dennis Rogers has not filed a response explaining why the Court should not enter an order requiring him to pay Plaintiffs John S. Foreman, III and Andre C. Leblanc, as required by Federal Rule of Civil Procedure 37(a)(5)(A), the expenses, including attorneys' fees, that Plaintiffs John S. Foreman, III and Andre C. Leblanc incurred in having their attorneys draft and file 22 Plaintiffs' Motion to Compel Responses to Interrogatories and Requests for Production of Documents from Defendant Dennis Rogers.").

The Court should, in short, find that Rule 37(b)(2) sanctions are warranted for Defendant Dennis Rogers's violation of the Court's December 23, 2021 Electronic Order granting Plaintiffs' Motion to Compel Responses to Interrogatories and Requests for Production of Documents from Defendant Dennis Rogers [Dkt. No. 25].

**Recommendation**

The Court should grant Plaintiffs' Motion for Discovery Sanctions [Dkt. No. 27] and strike Defendant Dennis Rogers's Answer and Affirmative Defenses [Dkt. No. 9].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE